FILED
BILLINGS DIV.
2008 SEP 3 AM 11 29
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | |
|---|---|
| WARREN WAR CLUB, | ) CV-07-69-BLG-RFC |
| Petitioner, | ) |
| vs. | ) ORDER |
| MIKE MAHONEY; MIKE MCGRATH, | ) |
| Respondents. | ) |

On August 6, 2008, United States Magistrate Judge Carolyn Ostby entered her Findings and Recommendation (*Doc. 27*) with respect to Petitioner's § 2254 action for writ of habeas corpus (*Doc. 1*). Magistrate Judge Ostby recommends as follows:

(1) War Club's petition be denied on its merits;

(2) War Club's motion for leave to amend (*Doc. 23*) be denied as futile;

(3) War Club be denied a certificate of appealability; and

(4) the Clerk of Court be directed to enter Judgment in favor of Respondents by separate document.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1)[1]. In this matter, War Club filed a document which the Court construes as an objection on August 21, 2008. *Doc. 29.* Accordingly, the Court must

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

1

make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1).

Magistrate Judge Ostby concluded that War Club's petition must be dismissed on its merits because War Club has yet to prove his actual innocence and there is no reason to believe he could do so if he were given more than the seven years which he has already had. *Doc. 27*, p. 11. Further, because War Club cannot prove he is actually innocent of the crime to which he pleaded guilty over six years ago, he may obtain federal habeas relief only if he shows that his guilty plea was tainted by constitutional error. That is, (1) if the trial court lacked jurisdiction or (2) if the guilty plea was involuntary. *Id., citing Blackledge v. Perry*, 417 U.S. 21, 30 (1974). As discussed by Magistrate Ostby, War Club's § 2254 habeas petition must be dismissed because he cannot prove either. *Id.*, pp. 12-13.

War Club objects to the Findings and Recommendation by asking this Court to allow him to "return to the Montana State Supreme Court to exhaust this claim or in the alternative allow him to amend his petition and supplement with colorable facts not mere conclusory assertions." *Doc. 29*. Regardless, this is not an objection to a finding of fact or a conclusion of law, but merely a request for another attempt to do what Magistrate Judge Ostby correctly concluded he cannot do–prove his actual innocence. As such, War Club's objection is not well-taken.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and adopts them in their entirety.

Accordingly, the Court **HEREBY ORDERS** as follows:

(1)    War Club's petition (*Doc. 1*) is DENIED on the merits;

(2)    War Club' motion for leave to amend (*Doc. 23*) is DENIED as futile; and

(3)     War Club is DENIED a certificate of appealability.

The Clerk of Court shall notify the parties of the making of this Order, enter Judgment by separate document in favor of Respondents and against Petitioner, and close this case.

DATED this 3rd day of September, 2008.

/s/ Richard F. Cebull
RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE